## JOHNSON *v.* STATE.

### (*Nashville.* March 2, 1895.)

1. RETAXATION OF COSTS. *Proof must show services rendered.*

   Retaxation of costs, so as to embrace omitted fees, will not be allowed unless it shall be made to appear that the services for which the fees are claimed were performed. The statements of the petition for retaxation, and of the order made thereon setting out the items, do not, without more, afford evidence to justify retaxation. (*Post, pp. 500, 501.*)

   Code construed: § 5269 (M. & V.); § 4517 (T. & S.).

2. FEES. *Not allowed salaried city officers, when.*

   The salaried Recorder and policemen of a city, invested by law with the jurisdiction and power of justices and constables, respectively, are not entitled to receive, in addition to their salaries, the fees fixed by law for justices and constables for like services. (*Post, pp. 501–504.*)

   Code construed: §§ 5269, 6433, 6434, 5316, 5321 (M. & V.); §§ 4517, 5561, 5562, 4564, 4571 (T. & S.).

   Acts construed: Acts 1883, Ch. 114.

   Case cited and approved: Morgan *v.* Pickard, 86 Tenn., 208.

   Cited and distinguished: Porterfield *v.* State, 92 Tenn., 289.

---

FROM DAVIDSON.

---

Appeal from Criminal Court of Davidson County. J. M. ANDERSON, J.

A. J. CALDWELL for Johnson.

Attorney-general PICKLE and E. J. WICKWARE for State.

CALDWELL, J. The question for · decision in this case grows out of the claim made by municipal officers of the city of Nashville to certain fees.

The defendant, John Johnson, was indicted, tried, convicted, and sentenced to imprisonment in the State penitentiary for the crime of larceny. At the next term, the case "came on to be heard upon a motion of James T. Bell, City Recorder, and police officers Sidebottom and Turner, to retax the cost, so as to allow said Bell his fees for issuing warrant of arrest, docketing the case in the City Court, issuing subpœnas for witnesses, rendering judgment in the City Court, and issuing mittimus, and so as to allow officers Sidebottom and Turner fees for arrest of defendant under the warrant issued by said Bell." The motion was disallowed, and the parties making it have appealed in error.

Are the plaintiffs in error entitled to the fees they claim? We think not, for more than one reason.

1. This record fails to show that they, in fact, rendered any services in connection with the case, or that the defendant was ever arrested and taken before the City Court. It is true that the transcript contains a petition in which the various items of service enumerated in the motion, and the several grounds upon which a retaxation of cost is sought, are distinctly set out; but that does not make a

case. The petition is not proof. Neither the recitals of the motion nor the averments of the petition can be taken as proof that the services enumerated, or any part of them, were really performed; and, yet, the case of plaintiffs in error is entirely without any other support in the record before us.

2. Fees or costs are not allowable in any case, unless expressly provided by law; and there is no such provision for those claimed in this case.

"No officer is allowed to demand or receive fees, or other compensation, for any service further than is expressly provided by law." Code (M. & V.), § 5269.

"Officers are entitled to no other fees in criminal cases except such as are expressly provided by law; and in no case are they entitled to payment from the State or county unless expressly allowed." *Ib.*, § 6433; *Morgan* v. *Pickard*, 86 Tenn., 208.

Justices of the Peace are expressly allowed fees for such services as are claimed to have been rendered by the City Recorder in this case (Code, M. & V., 5298, 5300), and Constables are expressly allowed fees for such services as are claimed to have been performed by the police officers in this case. *Ib.*, §§ 5321, 5316.

By the charter of the City of Nashville, it is provided that the City Recorder "shall have the power, and exercise the functions of, and have concurrent jurisdiction with, a Justice of the Peace" (Acts 1883, Ch. 114, Sec. 57), and that the

"metropolitan police shall possess all the common law and statutory powers of Constables, except for the service of civil process." *Ib.*, Sec. 50.

It does not follow, however, that such city officers are entitled to demand and receive the fees allowed to Justices of the Peace and Constables. No fees are mentioned in the charter. The city officers referred to are given the powers of Justices of the Peace and of Constables, respectively, to the extent mentioned, but they are not given the same compensation. Their compensation is provided for, not in fees, but by fixed salaries. Acts 1883, Ch. 114, Secs. 16, 32, 49. Having fixed salaries, it is neither strange nor unjust that no fees are provided for them.

Section 6434 of the Code (M. & V.) does not authorize the allowance of the fees claimed in this case. The words of that section are as follows: "If any of the duties in this and the corresponding title of Part III. specified are performed by other officers than those therein named, whose duty it is to perform the same, such officers are entitled to the same fees, and in the same manner as there named."

Among the officers named in the two titles of the Code here referred to, are Justices of the Peace and Constables; and among the "duties" therein imposed upon them are included such as are claimed to have been performed in this case by the plaintiffs in error; still, that is not enough to bring the latter within the operation of that statute. To

have that effect, they must go further and show that, in rendering the services in question, they performed duties devolved by law exclusively upon those other officers, and not upon themselves.   This cannot be done; for it is as much the legal duty of the city Recorder and policemen as of Justices of the Peace and Constables, ''to preserve public peace, prevent crime, detect and arrest offenders'' within the territorial limits of the city.   Acts 1883, Ch. 114, Secs. 51, 52, 57.

In rendering the services mentioned in the motion and petition in this case (if they were rendered), the plaintiffs in error performed their own duties, and not the duties of other officers.   Had they done less, they would have failed in the performance of their full duty to the city.   Having done no more than required of them by the city, they cannot successfully assert that they performed duties that should have been performed by others, or that they are entitled to compensation beyond that provided by the city.

The decision in *Porterfield* v. *State*, 92 Tenn., 289, is not in conflict with that announced in this case.   In that case, it was decided, not that police officers were entitled to fees for the service of criminal process merely, but that they were civil officers within the meaning of the Acts of 1837–8, Ch. 137, and that, as such, they were entitled to the statutory reward thereby offered to ''any civil officer who shall arrest and prosecute to conviction

and punishment any person guilty of any 'of the offenses, enumerated'' in that Act. It was the duty of the police officers in that case, as it was their duty in this, to arrest the offender; and for that service, without more, they would have been entitled to no fee.

Affirm the judgment.