THE PEOPLE ex rel. DAVID L. FOLLETT et al., Respondents, *v.*
ASHBEL P. FITCH, Comptroller, etc., Appellant.

The provision of the new Constitution (§ 12, art. 6), providing that the
  compensation of the judges and justices thereinbefore mentioned "shall
  not be increased or diminished during their official terms," is not retro-
  active in its effect; and so, does not affect statutes increasing compensa-
  tion enacted before the Constitution went into effect.

The provision of the New York Consolidation Act (§ 1109, chap. 410,
  Laws of 1882), as amended in 1893 (Chap. 104, Laws of 1893), providing
  that where a justice of the Supreme Court residing outside of the first
  judicial district shall be designated as one of the justices of the General
  Term in the first judicial department, he shall be paid by the city "such
  sum as shall be certified to be reasonable by the presiding justice" of
  that department, is a proper and constitutional exercise of legislative
  power.   It is not a provision for compensation for services, but simply
  a scheme for reimbursing expenses and disbursements; and so, is not
  invalidated or affected by the provision of the old Constitution (§ 14,
  art. 6, as amended in 1867), declaring that the compensation of judges
  and justices therein named for their services shall not be decreased dur-
  ing their official terms; nor does the said statutory provision tend in any
  way to disturb the policy that seeks to maintain uniformity of salary
  among judicial officers of the same grade.

*People ex rel.* v. *Wemple* (115 N. Y. 302), distinguished.

(Argued February 25, 1895; decided March 12, 1895.)

APPEAL from order of the General Term of the Superior
Court of the city of New York, made February 15, 1895,
which affirmed an order of Special Term granting an applica-
tion by the relator for a writ of peremptory mandamus.

The facts, so far as material, are stated in the opinion.

*David J. Dean* for appellants.

*Elihu Root* for respondents.   Chapter 104 of 1893 is a
consistent expression of a long-established legislative policy to
make up to justices of the Supreme Court the increase in the
expenses of living occasioned when they are required to per-
form duties away from their homes. (Laws of 1870, chap.
408, § 9; Laws of 1852, chap. 374; Laws of 1855, chap. 575;

Laws of 1882, chap. 410.) The compensation provided for by chapter 104 of the Laws of 1893 is not "compensation for services" within the meaning of the constitutional provisions above quoted. (Laws of 1872, chap. 541; *People ex rel.* v. *Wemple*, 52 Hun, 414; 115 N. Y. 302; Laws 1893, chap. 89, 726.) If the compensation for expenses and disbursements, provided for by chapter 104 of the Laws of 1893, does not come within the constitutional description of "compensation for services," then it is compensation established by law within the meaning of the constitutional provision. (*Barto* v. *Himrod*, 8 N. Y. 483.) The change from old article 6, section 14, to new article 6, section 12, strengthens the argument for the validity of the act of 1893. (Const. N. Y. art. 1, § 16; Id. art. 6, § 5.)

BARTLETT, J. This is an appeal from an order of the General Term of the Superior Court affirming an order of the Special Term which directed the issue of a writ of peremptory mandamus to the comptroller of the city of New York, commanding him to deliver to the relators certain warrants which were for the amounts certified by the presiding justice of the Supreme Court in the first judicial department as a reasonable sum to be paid by the city of New York as compensation for the expenses and disbursements of each of the respondents in the performance of his duties under the designation of the governor to sit as justices of the General Term for the first department.

The relators are justices of the Supreme Court from judicial districts other than the first, and during the month of January, 1895, they sat as justices of the General Term in the first department.

The presiding justice of the first judicial department certified as to each of the relators that the sum of $416.66 was a reasonable sum to be paid by the city of New York as compensation for his expenses and disbursements in the performance of his duties under such designation.

This certificate was made pursuant to section 1109 of the

New York City Consolidation Act of 1882, as amended by chapter 104 of the Laws of 1893.

The warrants are withheld upon the ground that the provisions of chapter 104 of the Laws of 1893 are invalid under the Constitution which went into effect on the first of January, 1895.

The statute reads as follows:

"Whenever any justice of the Supreme Court from any judicial district, other than the first judicial district, shall be designated as one of the justices of the General Term in the first judicial department, he shall be paid by the city of New York such sum as shall be certified to be reasonable by the presiding justice of the first judicial department, not exceeding the sum of five thousand dollars in any one year, as compensation for his expenses and disbursements in the performance of his duties under such designation; and whenever one or more of the said justices shall be duly assigned to hold any other court than the General Term, or perform judicial duties in and for the first judicial district, he shall be paid the sum of ten dollars a day for every day such justice shall sit and perform such judicial duties, including the time necessarily devoted to the examination and decision of cases heard by such court while he may be a member thereof." (Laws of 1893, vol. 1, p. 205.)

The provision of the new Constitution referred to reads as follows:

"The judges and justices hereinbefore mentioned shall receive for their services a compensation established by law, which shall not be increased or diminished during their official terms, except as provided by section 5 of this article."   (Constitution of 1894, article 6, section 12.)

Section 5, above referred to, has no bearing upon this matter. The provision of the old Constitution which the above-quoted paragraph supersedes was as follows:

"The judges and justices hereinbefore mentioned shall receive for their services a compensation to be established by law, which shall not be diminished during their official terms."

264      People ex rel. Follett *v.* Fitch et al.      [Mar.,

Opinion of the Court, per Bartlett, J.      [Vol. 145.

(Constitution of 1846, article 6, section 14, as amended in 1867.)

The suggestion of counsel that this appeal presents the question of the constitutionality of the act of 1893 under the Constitution which went into effect on the first day of January, 1895, is erroneous.

This act is not in any way affected by the new Constitution, as that instrument has no retroactive effect in this case, and only condemns subsequent legislation that may offend any of its provisions.

We shall, therefore, consider the act of 1893 in the light of the legal conditions existing at the time of its enactment.

It may be observed at the outset that this act is in harmony with the legislative policy of the state existing for many years, to pay to justices of the Supreme Court their expenses and disbursements incurred in the performance of judicial duty when absent from their homes.

The earliest act is chapter 374 of the Laws of 1852, authorizing the chief judge of the Court of Appeals to assign any justices of the Supreme Court to sit in the city of New York and requiring the justice so assigned to render the service.

This was followed by chapter 575 of the Laws of 1855, authorizing the supervisors of New York " to pay such justices so assigned a sum not exceeding ten dollars a day for every day such justice shall sit and perform such judicial duties."

Chapter 414 of the Laws of 1875 extended this provision so as to include the time necessarily devoted to the examination and decision of cases by justices assigned to the General Term.

Chapter 410, Laws of 1882 (the New York City Consolidation Act), reproduced the provision thus amended in section 1109, and this was again amended by chapter 104 of Laws of 1893, now under consideration.

The distinction between compensation for services and compensation for expenses was pointed out by this court in *People ex rel. Bockes* v. *Wemple* (115 N. Y. 302).

Prior to 1872 justices of the Supreme Court received as compensation for services a certain salary, and in addition a *per diem* allowance of five dollars a day for their reasonable expenses when absent from home and engaged in the performance of judicial duty.   (Chap. 408, Laws 1870, § 9.)

The legislature (Chap. 541, Laws 1872, § 1) changed this *per diem* allowance and provided as follows :

" The said justices of the Supreme Court, except in the first judicial district, shall each receive the sum of twelve hundred dollars annually from the first day of January, 1872, in lieu of and in full of all expenses now allowed by law."

The question was, therefore, presented to this court whether Justice BOCKES, who had retired from office before the expiration of his term by reason of having attained the age of seventy years, was entitled to receive from the state, in addition to the original salary of $6,000, the further sum of $1,200.

The answer to this question depended upon the fact whether the $1,200 was to be regarded as a reimbursement of expenses or an increase of salary.   This court held to the latter view.

Judge GRAY, delivering the prevailing opinion, says (115 N. Y. 309, 310) : " This language (of the act of 1872) is substitutional in its effect.   It substitutes an annual grant of money to the incumbent in the place of an allowance for expenses. This, I think, was a clear grant of pay or compensation having no connection with the expenses incurred by a justice.   As granted by this act, it became actually and plainly as much a part of the compensation to the justice as though the salary *eo nomine* had been increased to compensate him further for what his office entailed upon him in the way of duties and work.   Expenses or no expenses, he became entitled to the whole of the $1,200."

The $1,200 was treated as salary because that amount could no longer be regarded as an allowance for expenses, but rather a fixed statutory sum to which the relator was entitled absolutely, without regard to his incurring expenses.

No such situation is presented by chapter 104, Laws of 1893, but, on the contrary, in clear and unmistakable language,

a scheme is created for reimbursing the expenses and disbursements of the justices of the Supreme Court designated to come from other judicial districts and sit in the General Term of the first judicial department.

The mode prescribed for ascertaining from time to time the amount of these expenses and disbursements is judicious and proper.

Only such sums can be paid, within a named limit, as shall be certified to be reasonable by the presiding justice of the first judicial department.

It is true that this provision is subject to the criticism that the presiding justice is not made, in the technical sense, an auditing officer to pass upon actual items of disbursement, but the obvious answer is that it is competent for the legislature to allow its designated representative to certify such reasonable sum as shall be sufficient to reimburse the expenses and disbursements of the justices required to serve in the General Term of the first judicial department.

The act of 1893 is not affected by article 6, section 14 of the Constitution of 1846, as amended in 1867, for the reason that it does not assume to deal with compensation for services, nor does it tend in any way to disturb the policy that seeks to maintain uniformity of salary among judicial officers of the same grade.

The fact that a reasonable gross sum, instead of items, is certified to cover expenses and disbursements does not make it any the less compensation for that purpose, as it is only when these expenses and disbursements have been incurred that the presiding justice will be called upon to act.

We are of the opinion that the act in question is a proper and constitutional exercise of legislative power, and in line with the settled policy of the state and the practical construction given to similar legislation for more than a generation.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.