Brown v. Sullivan Co.

## J. C. BROWN *et al. v.* SULLIVAN COUNTY.

## (*Knoxville.*  September Term, 1912.)

1. **CONSTITUTIONAL LAW.  Statute authorizing Sullivan county to issue road bonds is not unconstitutional as containing matters not in its caption.**

The statute (Private Acts 1911, ch. 620), authorizing Sullivan county to issue its bonds for road purposes, is not unconstitutional, as containing matters not covered by its caption and incongruous therewith.  (*Post, p.* 691.)

Acts cited and construed:  Private Acts 1911, ch. 620.

Constitution cited and construed:   Art. 2, sec. 17.

2. **SAME.  Counties may be districted according to population or area; limit of number under each plan; contemporary legislative construction of constitutional provision.**

The constitutional provision (art. 6, sec. 15) that "The different counties of this State shall be laid off, as the general'assembly may direct, into districts of convenient size, so that the whole number in each county shall not be more than twenty-five, or four for every one hundred square miles," intrusted to the legislature the manner of districting the counties, according to a population basis or a territorial basis, as the legislature should think best.  If the county was districted on a population basis, then the entire number of districts is limited to twenty-five.  If the county was districted in proportion to its area, then the constitution limits the number of districts to not more than four for every one hundred square miles.  There was a contemporaneous legislative construction of said constitutional provision, as evidenced by the act of 1835 (Acts 1835-36, ch. 1, sec. 2), re-enacted in the Code of 1858, and reproduced as section 97 in Shannon's Code, that it authorized the legislature to district the counties, upon a population basis,

126 Tenn. 44

a proper construction and one that will not be disturbed after such long acquiscence. Therefore, a county (Sullivan) of four hundred and thirty square miles, divided into twenty-two districts under a statute authorizing it, is not unconstitutionally organized, and the county court thereof is not an illegal body, for that reason. (*Post, pp.* 691-694.)

Code cited and construed:  Sec. 97 (S.); sec. 84 (M. & V.); sec. 79 (T. & S. and 1858).

Acts cited and construed:  Acts 1835-36; ch. 1, sec. 2.

Constitution cited and construed:  Art. 6, sec. 15; art. 5, sec. 12 of constitution of 1796.

FROM SULLIVAN.

Appeal from the Circuit Court of Sullivan County. —DANA HARMON, Judge.

PHLEGAR, POWELL, PRICE & SHELTON, for plaintiffs.

C. J. ST. JOHN, for defendant.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by certain citizens and taxpayers of Sullivan county to enjoin the issuance of $200,000 of the county's bonds for road purposes.

It was alleged that chapter 620 of the Acts of 1911, which authorize these bonds, was unconstitutional and void, and it was also alleged that the county court of Sullivan county, which, pursuant to the said act of the

legislature, directed the issuance of said bonds, was organized in an illegal manner, and was therefore without power to effect this bond issue.

The act of the legislature is attacked as being in violation of section 17 of article 2 of the constitution; it being insisted that it contains several matters not covered by the caption and incongruous therewith. This contention has been disposed of orally, and will not be considered in this opinion. It is sufficient to say that we do not find the act of the legislature subject to the objections urged against it.

It is insisted, however, that Sullivan county is entitled to have but seventeen civil districts under the constitution, whereas, as a matter of fact, it has twenty-two. These twenty-two districts are represented by justices of the peace in the county court, and it is urged that the county court of this county is therefore organized in violation of the constitution and is accordingly an illegal body.

In section 15 of article 6 of the constitution it is provided that "the different counties of this State shall be laid off as the general assembly may direct, into districts of convenient size, so that the whole number in each county shall not be more than twenty-five, or four for every 100 square miles. There shall be two justices of the peace and one constable elected in each district by the qualified voters therein," etc.

The plaintiffs' contention is that no county can have more than four civil districts for every 100 square miles, and that, in no event, can the number exceed twenty

five. They allege that Sullivan county has but 430 square miles, and that, in the ratio of four ditsricts to every 100 square miles, this county would not be entitled to have more than seventeen civil districts; that the division of the county into twenty-two civil districts is unconstitutional. This is the plaintiffs' construction of the constitutional provision quoted.

We do not think this is the true meaning of this portion of the constitution. The language, inserting in parenthesis the omitted words, which are plainly implied, reads as follows:

"The different counties of this State shall be laid off, as the general assembly may direct, into districts of convenient size, so that the whole number in each county shall not be more than twenty-five or (so that the whole number in each county shall not be more than) four for every 100 square miles."

We think it was intended by the constitution to intrust the manner of districting the counties to the Legislature, according to a population basis or a territorial basis, as the legislature should think best. Within limitations, the counties were to be laid off as the legislature might direct.

Under the constitution of 1796, justices were selected not exceeding two for each captain's company, on a population basis. Article 5, sec. 12. Under the present constitution, and that of 1834, the regulation of this matter was committed to legislative discretion, with a proviso limiting the entire number of districts in each county. If the counties were divided on a population

basis, then the entire number of civil districts was limited to twenty-five. The legislature was authorized to create any number of civil districts,. not exceding twenty-five, in each county. On the other hand, if the legislature divided the counties into districts in proportion to the area of each county, then the constitution limited the number of districts to not more than four for each 100 square miles. It was not intended by this provision to declare that twenty-five districts should be created only in counties covering 625 square miles.

The section quoted appears alike in the contsitutions of 1834 and 1870. In 1835 the legislature enacted the following law, contained in Shannon's Code, section 97, and section 79 of the Code of 1858:

"The number of districts shall be proportioned to the voting population of the county, as follows: For every 3,000 qualified voters, and upwards, there shall be twenty-five districts; for every 2,500 qualified voters, and under 3,000, there shall be twenty districts; for every 2,000 qualified voters, and under 2,500, there shall be seventeen districts; for every 1,500 qualified voters, and under 2,000, there shall be fifteen districts; for every 1,000 qualified voters, and under 1,500, there shall be twelve districts; for every 700 qualified voters, and under 1,000, there shall be ten districts; for less than 700 qualified voters, there shall be eight districts."

This act, as stated, has been on our statute books since 1835. It is a contemporary legislative construction of the language of the constitution in question here, as it appeared in the constitution of 1834. It shows that at

that time this provision of the constitution was construed as authorizing the legislature to divide the counties of the State into civil districts on a population basis. We think this was an authorized construction. At any rate, this construction has been acquiesced in and accepted as correct since 1835, and all the counties of the State have been divided into districts in this manner. Even, therefore, if we were of opinion that the original act of 1835 was based on a misinterpretation of the constitution (which we are not), we would refuse, at this late date, to hold such legislation unconstitutional.

We are of opinion, therefore, that the county court of Sullivan county was not illegally organized, and inasmuch as the majority of that body voted for the issuance of these bonds, in pursuance of the legislative act, the plaintiffs can make no question upon the regularity of the action of the county court in this respect.

The circuit judge dismissed the suits of the plaintiffs, and his judgment will be affirmed.