## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## (DECEMBER TERM, 1919.)

---

STATE *ex rel.* WELDON *et al. v.* J. B. THOMASON.

*(Nashville.* December Term, 1919.)

1. **STATES.** Compensation of Legislators cannot be increased beyond amount fixed by Constitution.

Constitution article 2, section 23, providing that legislators shall be paid $4 per day and $4 for every 25 miles traveled, is mandator, and the Legislature cannot increase such compensation, either directly or indrectly. (*Post, pp.* 533, 534.)

Case cited and distinguished: McHenderson v. Anderson County, 105 Tenn., 609.

Constitution cited and construed: Sec. 23, art. 2.

2. **OFFICERS.** Salaries not increased during term.

The acceptance of a public office at a fixed salary precludes the allowance of a greater or additional amount. (*Post, pp.* 533, 534.)

3. **STATES.** No limitation in Constitution upon power of Legislature to appropriate for expenses of all departments.

The Constitution of the State contains no inhibition, express or implied, upon the power of the Legislature to appropriate public funds for the expenses of all departments of the government, including those of its own members. (*Post, p.* 534.)

4. **CONSTITUTIONAL LAW.** Not source of legislative authority.

The State Constitution is not the source of legislature authority, but is the inclusive embodiment of such prerogative of sovereignty

as may be therein expressly or impliedly contained, and, as the representative of the people, the Legislature has the power to pass such laws as are not directly or impliedly in contravention of its mandates. (*Post, pp.* 534, 535.)

Case cited and distinguished: Foster et al. v. Roberts, 142 Tenn., —.

5. **OFFICERS.** Expenses may be appropriated during term.

Constitutional prohibitions against change in the compensation fixed for public officers are not intended to be construed as limitations upon the legislative authority to provide for the expenses of such officials. (*Post, pp.* 535, 536.)

Cases cited and approved: Briscoe v. Clark Co., 95 Ill., 309; State ex rel. Coffin v. County Com'rs, 19 NNev., 332; Kirkwood v. Soto, 87 Cal., 394; Neuman v. Lester, 11 Cal. App., 577; People ex rel. Follett v. Fitch, 145 N. Y., 261; State v. Sheldon, 78 Neb., 552; Ware v. Battle Creek, 20N1 Mich., 468; McCoy v. Handlin, 35 S. D., 487; Milwaukee County v. Halsey, 149 Wis., 82-85; Russ v. Commonwealth, 210 Pa., 544.

6. **CONSTITUTIONAL LAW** Construction by Legislature acquiesced in by people, to be accepted by court.

The construction of a constitutional provision by the Legislature extending over a long period of time, and acquiesced in by the people, is entitled to great weight in the courts, and, in the absence of some showing of palpable error, is to be accepted as a correct interpretation. (*Post, pp.* 536, 538.)

Cases cited and approved: Railroad v. Hicks, 68 Tenn., 451; Richardson v. Young, 122 Tenn., 517; Brown v. Sullivan County, 126 Tenn., 694; State ex rel. v. Baseball Club, 127 Tenn., 292; Albright v. County of Bedford, 106 Pa., 582; Johnson v. Black, 103 Va., 477; County of Cook v. Wren, 43 Ill. App., 388; McHenderson v. Anderson County, 105 Tenn., 591; Hope v. Hamilton County, 101 Tenn., 325; Woodward v. Williams, 30 Tenn., 325.

7. **CONSTITUTIONAL LAW.** States. Expenditure of public moneys under exclusive control of Legislature.

The exclusive control of the expenditure of the public moneys is vested in the legislative branch of the government, and is the subject of limitation by the courts only so far as provided by the Constitution. (*Post, p.* 538.)

State ex rel v. Thomason.

8. **STATES.** Appropriation of money for expenses to legislators valid.

An appropriation of $150 to legislators for a certain year "for stenographic work and other necessary expenses" was not invalid as violating Constitution, article 2, section 23, providing compensation of legislators. (*Post, pp.* 538-540.)

9. **CONSTITUTIONAL LAW. States.** Presumed that Legislature acts in good faith in making appropriation.

It is always to be presumed that the Legislature acted in good faith and within constituti.nal limits in making an appropriation, and a declaration in an appropriation bill that a sum specified was appropriated to legislators "for stenographic work and other necessary expenses" is a conclusive finding of fact, and imports a verity upon its face which cannot be impugned by litigants, counsel, or the courts. (Post, p. —.)

10. **STIPULATIONS.** Will be rigidly enforced.

Stipulations entered into between counsel with reference to matters properly subject to agreement will be rigidly enforced by the courts. (Post, p. —.)

11. **STIPULATIONS.** Meaning of statute not subject of stipulation.

The meaning of the language used in a statute from which the validity or invalidity of the act is to be determined is not the subject of an agreement by parties or counsel, but is to be found by the courts, as parties cannot agree upon the unconstitutionality of a statute, nor by their stipulations determine for the courts the judicial question as to what the action or intent of the lawmaking body is. (Post, p. —.)

Cases cited and approved: Hickman v. Wright, 141 Tenn., 412; Motlow v. State, 125 Tenn., 559; State v. Lindsay, 103 Tenn., 629; Lynn v. Polk, 76 Tenn., 121; Woodall v. Darst, 71 W. Va., 350; Gas & Electric Co. v. Simpson, 118 Tenn., 532; Adams v. Clark, 36 Colo., 65; State v. Aloe, 152 Mo., 466; Jones v. Madison County, 72 Miss., 777-793; Wade v. Atlantic Lumber Co., 51 Fla., 638; Attorney-General v. Rice, 64 Mich., 385-391; State v. Schnitger, 16 Wyo., 479-503.

FROM DAVIDSON.

Vol. 142 Tenn.—34

Appeal from the Chancery Court of Davidson County. —Hon. Jno. T. Lellyett, Chancellor.

Joseph C. Higgins and W. K. Anderson, for appellant.

E. J. Smith, for appellees.

Mr. Justice Bachman delivered the opinion of the Court.

The present controversy is succinctly stated in the agreed case submitted to the chancery court of Davidson county, under the provisions of sections 5206-5210 of Thompson's Shannon's Code, and is as follows:

### Agreed Case.

"There having arisen between relators and the defendants a substantial controversy as to the rights of relators and the duties of defendants respecting the matters hereinafter disclosed, the following statement of facts and of issues arising therefrom has this day been agreed upon between counsel representing the relators and the defendants through themselves and Special Attorney Edward J. Smith, representing them:

"(1) Relators were members of the Legislature of the State of Tennessee from Shelby, Madison, Henry, Grundy, Knox, and other counties, having been regularly elected thereto in November, 1918. They were duly inducted into office and were in constant attendance upon the Legislature during its sittings of 1919, and are entitled to all sums that were lawfully appropriated to and may lawfully be claimed by legislators for seventy-five days of service.

"(2) Relators live away from Nashville. They incurred while in attendance upon the Legislature of

1919, in the matter of stenographic hire, postatge, stationery, attendance upon committees, other than recess committees, and personal and living expenses incurred while serving at the capitol and in Nashville as legislators, considerable sums of money Relators have received their $4 per day and $4 mileage as provided by the Constitution, but have not been reimbursed the expenses incurred by them in Nashville during the 1919 legislative session. The appropriation of $150 to each member of the General Assembly was made to reimburse each member for the expenses incurred as above specified.

"(3) It is further agreed that the Miscellaneous Appropriation Bill, filed herewith as Exhibit A, but not to be copied, was regularly passed by the Legislature and approved by the Governor on April 17, 1919, being chapter 135 of the 1919 session. It is agreed that either party may read therefrom such portions as may be deemed pertinent, and that no other certification is needed.

"(4) It is further agreed that the General Assembly of 1919 adjourned *sine die* on April 17, 1919.

"(5) Relators have made demand upon the comptroller through themselves or counsel for the issuance of his warrant upon the treasurer for said $150 each, but the comptroller refused and still refuses so to do, being advised that the appropriation of $150 is illegal and unconstitutional.

"(6) It is further agreed that there is or will be in the treasury out of the current year's State collections a sufficient sum of appropriated moneys to meet the appropriation provided for the legislators by the aforesaid Miscellaneous Appropriation Bill.

"(7) The section of the Constitution brought into review is No. 23 of article 2, as follows: 'The sum of $4 per day and $4 for every twenty-five miles going to and returning from the seat of government shall be paid the legislators as a compensation for their services.'

"(8) It is further understood that there arises upon the foregoing statement the question as to whether the appropriation of $150 is constitutional; and it is expressly agreed that this question is to be submitted to the Honorable John T. Lellyett, chancellor, as an agreed case under the statute, with the further stipulation that this shall be treated as a mandamus suit upon the comptroller and treasurer, and that judgment will be rendered as in such cases, and that this agreed case shall be treated as a bill for mandamus and a demurrer thereto with further stipulation of no further defense upon the part of these defendants than demurrer. It is further agreed that the costs will abide the event of the suit, and that either party may appeal directly to the Supreme Court, if not satisfied with the decree of the chancellor.

"(9) It is further agreed that the final decision in this cause will be determinative of the right of each and all of the legislators of the $150 appropriation.

"Respectfully submitted.

"E. J. SMITH.

"JOSEPH HIGGINS.

"State of Tennessee, Davidson County.

"Edward J. Smith, special attorney for the State, and representing Messrs. Thomason and McAlister, and Joseph Higgins, solicitor for relators, each makes oath in due form that the foregoing is a real contro-

State ex rel v. Thomason.

versy, and that the same is submitted to the honorable court in good faith as an agreed case, as provided by statute.

"EDWARD J. SMITH.

"JOSEPH HIGGINS.

"Sworn to and subscribed before me this 10th day of June, 1919.

"[Seal] BESSIE HUGHES, Notary Public."

The chancellor sustained the demurrer filed by respondents adjudging that the appropriation sought to be made was in contravention of section 23, art. 2, of the Constitution, and dismissed the proceedings. In the view we take of the case there arise but two questions decisive of the controversy: First, the power of the Legislature to make appropriations for the necessary expenses of the members of that body when viewed in the light of our constitutional provisions; and, second, the binding effect of the admissions made or stipulations entered into between counsel construing the language used by the Legislature in making the appropriation in question. It is, of course, to be conceded at the outset that the appropriation made is unconstitutional and void, if the same can by proper construction be held to be an effort on the part of the Legislature to increase the compensation of the members of that body beyond the amount mandatorily fixed by section 23, art. 2, of the Constitution. By all rules of constitutional interpretation the amount therein designated as compensation to the legislators is to be deemed a direct limitation upon the power of the Legislature to make any other or different allowance for that purpose; it is the mandatory and conclusive

direction of the people upon the subject, to alter which every branch of the government is equally powerless. It is also well settled that the acceptance of public office at a fixed salary precludes the allowance of a greater or additional amount.

"Public office is taken and held with the emoluments and burdens which the law imposes, and the burdens are or may be far beyond the compensation allowed in many cases. But this gives no valid claim for additional compensation." *McHenderson* v. *Anderson County*, 105 Tenn., 609, 59 S. W., 1020.

These propositions are elementary, and were the questions before us those involving the compensation of the members of the Legislature as distinguished from their expenses as disignated in the appropriation act, there could be no doubt of the invalidity of the appropriation sought to be made. While, as has been seen, there is, in our Constitution, a limitation upon the power of the Legislature to alter the compensation therein fixed for the members of that body, it is clear that the Constitution contains no inhibition, express or implied, upon the power to appropriate public funds for the expenses of all departments of the government, including those of its own members. That this is true cannot be attributed to any oversight or lack of knowledge on the part of the framers of the Constitution; for it must have been known to them as a matter of common knowledge that under our forms of government both, state and federal, there existed plenary authority in the legislative branches to make appropriations for expenses, which power had been uniformly and consistently exercised without question since

the emancipation of the colonies and the formation of the Union.

That the people in the formation of the Constitution might have restricted the power of their representatives to provide for the expenses of all or certain departments of government is unquestionable. That they did not do so makes it not at all improbable that an extensive vision of the development and growth of the affairs of our commonwealth, with a corresponding increase and expansion of governmental duties, attended by necessarily greater expenses, prompted them to repose the administration and control of these important financial matters in the integrity, wisdom, and sense of justice of those citizens successively to be chosen by the people to represent them. Certain it is that, finding no constitutional limitation upon this power sought to be exercised by the Legislature, that body is not responsible to the other co-ordinate branches of our government, but alone to their consciousness of the welfare of the state and to the people whom they represent. As we have recently said in the case of *Foster et al.* v. *Roberts,* 142 Tenn.,—, 219 S. W., 729:

"The State Constitution is not the source of legislative authority, but is the inclusive embodiment of such prerogatives of sovereignty as may be therein expressly or impliedly contained, together with such limitations as were self-imposed and acquiesced in by the people in the adoption of its provisions. As the representatives of the people, the Legislature has the power to pass such laws as are not directly or impliedly in contravention of the mandates of the Constitution."

That the expenses of public officers incurred in the performance of their official duties are distinct from and not included in the compensation allowed them, unless authoritatively so declared, is well established upon reason and authority, and the apparently uniform consensus of opinion in those cases wherein the question has been considered is to the effect that constitutional prohibitions against change in the compensation fixed for public officers are not intended to be construed as limitations upon legislative authority to provide for the expenses of such officials. Throop on Public Officers, section 442; 29 Cyc., 1427, 1429; .Briscoe v. Clark Co., 95 Ill., 309, 311; State ex rel. Coffin v. County Comrs. 19 Nev. 332, 10 Pac., 901, 910; Kirkwood v. Soto, 87 Cal., 394, 25 Pac., 488; Newman v. Lester, 11 Cal. App., 577, 105 Pac., 785; People ex rel. Follett v. Fitch, 145 N. Y., 261, 39 N. E. 972; State v. Sheldon, 78 Neb., 552, 111 N. W., 372; Ware v. Battle Creek, 201 Mich., 468, 167 N. W., 891, L. R. A., 1918E, 673; McCoy v. Handlin, 35 S. D., 487, 152 N. W., 361, L. R. A., 1915E, 858, 872, Ann. Cas., 1917A, 1046; Milwaukee County v. Halsey, 149 Wis., 82-85, 136 N. W., 139; Russ v. Commonwealth, 210 Pa., 544, 60 Atl., 169, 1 L. R. A. (N S.), 409, 105 Am. St. Rep., 825.

In determining this question, aside from decisions applicable, the consideration of enactments of the Legislature on the subject during the period covered by the life of our present Constitution and the practical construction of that instrument by the legislative and executive departments of the government afford most satisfactory and persuasive sources of correct interpretation of the constitutional intendments. The Con-

stitution of 1870 went into effect on May 5th of ·that year, and it is significant that in less than two weeks, on May 18, 1870, by joint resolution duly passed and approved by the Governor on May 23, 1870, an appropriation of $5 was made to each member and officer of the Legislature "for postage money." Practically every succeeding Legislature, up to and including that of 1919, whose action is here questioned, has made similar appropriations for expenses to its members in sums ranging from $5 to $200, and this conception of legislative power over the subject has remained unchallenged for practically half a century. Likewise at each session of the Legislature appropriations have been made to the members of that body for their expenses while engaged upon various committees, and the speakers of the respective houses have uniformly been the recipients of appropriations made in addition to the *per diem* allowance fixed by the Constitution. For the expenses of the executive and judicial departments appropriations have at intervals been made, and with the increasing business and expense of all branches of the government provisions to care for the same have been regularly made. Such construction, extending over a long period of time, acquiesced in by the people, is entitled to great weight by the courts, and in the absence of some showing of palpable error is to be accepted as a correct interpretation. *Railroad* v. *Hicks,* 68 Tenn. (9 Baxt.), 451; *Richardson* v. *Young,* 122 Tenn., 517, 518, 125 S. W., 664; *Brown* v. *Sullivan, County* 126 Tenn., 694, 151 S W., 501.; *State ex rel.* v. *Baseball Club,* 17 Tenn., 292, 154 S. W., 1151 Ann. Cas., 1914B, 1243.

On behalf of the appellees our attention is directed to certain cases (*Albright* v. *County of Bedford,* 106 Pa., 582; *Johnson* v. *Black,* 103 Va., 477, 49 S. E., 633, 68 L. R. A., 264, 106 Am. St. Rep., 890; *County of Cook* v. *Wren,* 43 Ill. App. 388; and others of like import) wherein it is held that the compensation fixed by statute is the limitation of amount payable to a public official, and that, in the absence of specific provisions for expenses or additional compensation, the same cannot be allowed. These cases are somewhat analogous to our own cases of *McHenderson* v. *Anderson County,* 105 Tenn., 591, 59 S. W., 1016, *Hope* v. *Hamilton County,* 101 Tenn., 325, 47 S. W., 487, and *Woodward* v. *Williams,* 30 Tenn., (11 Humph.), 325, and present sound propositions of law, but we are of opinion that they have no application to the present inquiry, for the reason that we are not here concerned with the effect of a statute, but rather with the power or authority of the Legislature to validly enact a statute.

The test of authority or right sought to be exercised by virtue of a statute is whether such right is conferred by the terms thereof; whether there is a grant of the right claimed. The test of legislative authority or power is whether there is to be found a constitutional limitation upon the inherent power of the lawmakers.

It is urged that to sustain the power of the Legislature to make appropriations of the character her questioned will authorize or result in similar ones of larger amount. It may likewise be plausibly argued that in its control of the public finances the Legislature may authorize unwise and extravagant expenditures, but these insistences address themselves to the discretion

of the Legislature in the proper exercise of its representative power, and are not pertinent to the judicial determination of the existence of that power. The exclusive control of the expenditure of the public moneys is vested in the legislative branch of the government, and is the subject of limitation by the courts only so far as provided by the Constitution.

By the terms of the agreed case entered into between counsel for the respective parties it is stipulated that the relators during the legislative session of 1919 incurred "for stenographic hire, postage, stationery, attendance upon committees other than recess committees, and for personal and living expenses," considerable sums of money, and that the appropriation of $150 was for the purpose of reimbursing each member for the specified expenses. Because of the agreement that part of the expenses for which appropriation was made consisted of "personal and living expenses while serving at the Capitol in Nashville," it is insisted that the appropriation is invalid for the reason that it is an attempt by indirection or evasion to increase the compensation of the members of the Legislature in contravention of the section of the Constitution heretofore referred to . The language used in the act is "$150 for stenographic work and other necessary expenses to each member of the General Assembly." This is a clear and unambiguous statement of the purpose for which the appropriation is made. The language is plain, and does not require amplification or the application of any rules of statutory construction in order to ascertain the legislative intent. *Hickman* v. *Wright,* 141 Tenn., 412-418, 210 S. W., 447. It is always

to be presumed that the Legislature acted in good faith and within constitutional limits; and this declaration of the Legislature is a conclusive finding of facts and imports a verity upon its face which cannot be impugned by litigants, counsel, or the courts, but is absolutely binding upon all. 12 Corpus Juris, 799, 800, 6 R. C. L., 112; *Motlow* v. *State,* 125 Tenn., 559, 145 S. W., 177, L. R. A., 1916F, 177; *State* v. *Lindsay,* 103 Tenn., 629, 53 S. W., 950; *Lynn* v. *Polk,* 76 Tenn., (8 Lea), 121; *Woodall* v. *Darst,* 71 W. Va., 350, 77 S. E., 264, 80 S. E., 367, 44 L. R. A. (N. S.), 83, Ann. Cas., 114B, 1278. Stipulations entered into between counsel with reference to matters properly subject to agreement will be rigidly enforced by the courts. *Gas & Electric Co.* v. *Simpson,* 118 Tenn., 532, 103 S. W., 788. But the meaning of language used in a statute from which the validity or invalidity of the act is to be determined is not the subject of agreement by parties or counsel, but is to be found by the courts. Parties cannot agree upon the unconstitutionality of a statute, nor by their stipulations determine for the courts the judicial question as to what the action or intent of the lawmaking body is. Manifestly, to uphold such agreements would permit litigants to nullify any enactment of the Legislature. 6 R. C. L., 97; *Adams* v. *Clark,* 36 Colo., 65, 85 Pac., 642, 10 Ann. Cas., 774; *State* v. *Aloe,* 152 Mo., 466, 54 S. W., 494, 47 L. R. A., 393; *Jones* v. *Madison County,* 72 Miss., 777-793, 18 South., 87; *Wade* v. *Atlantic Lumber Co.,* 51 Fla., 638, 639, 41 South., 72; *Attorney General* v. *Rice,* 64 Mich., 385-391, 31 N. W., 203; *State* v. *Schnitger,* 16 Wyo., 479-503, 95 Pac., 698.

Judgment will be entered here in favor of relators.