THE BOARD OF SUPERVISORS OF DE KALB COUNTY, Plaintiff in Error, *v.* JAMES H. BEVERIDGE, Defendant in Error.

ERROR TO DE KALB.

It is the duty of the county to furnish lights and fuel for the use of the office of the Clerk of the Circuit Court.

THIS case was presented to the Supreme Court, upon an agreed case, showing, that the defendant in error was clerk of the Circuit Court of De Kalb county; that during his clerkship he had furnished for the necessary use of the Circuit clerk's office, fuel and lights, and that thirty-six dollars and forty-eight cents would be a just allowance therefor; that the county authorities denied that they were legally bound to pay this or any other sum. The case was submitted to J. G. WILSON, Judge of the Circuit Court, at October term, 1854, who gave judgment for the clerk against the county.

E. L. MAYO, for Plaintiff in Error.

J. H. BEVERIDGE, *pro se.*

CATON, J. The only question in this case is, whether it is the duty of the county to furnish lights and fuel for the office of the clerk of the circuit court? We are of opinion that it is the duty of the county to do so. It is the duty of each county to pay the expenses of the local administration of justice within the county, and this duty arises as well from our general system of county organization, as from express statutes, defining the duties of counties on this particular subject. Indeed, but a part of these duties which have always been recognized as devolving upon the counties, have ever been defined by express statute. For instance, there is no statute expressly declaring that the counties shall provide furniture, lights and fuel, for the use of the circuit court when in session; and yet to deny their duty to do so, would substantially suspend the administration of justice in the several counties, for there are probably few of the circuit judges who would feel willing to pay for the lights and fuel consumed during the terms of their courts, and yet there is as much propriety in requiring the judges to do this, as the clerk. The office of the clerk is a public office, connected with the administration of justice, and which the counties are by express statute required to furnish, and to which all persons in the county have a right to resort, for the purpose of examining the public records, and for the transaction of other business

connected with the office, and it is the duty of the public and not of the clerk, to provide for their comfortable accommodation. The clerk is bound to keep his office open at all reasonable hours, for the accommodation of the public, whether he has business there of his own, or that for which he is entitled to pay or not, and for this purpose lights and fuel are necessary, and there is no reason or propriety in saying that the clerk shall bear this onerous burthen himself. The statute has not specified lights and fuel, in express terms, among the items to be provided by the county for the clerk's office, and yet it is not sufficiently furnished for the convenient and confortable transaction of the public business without them. In provisions of this kind, some things must necessarily be implied. By what authority, it may be asked, do the board of supervisors of De Kalb county, who refused to pay this bill, furnish themselves with lights and fuel, when they happen to meet at seasons when they are indispensable to the proper transaction of their business ? We presume they do not pay for them out of their own pockets, and yet we have sought in vain for any statute authorizing them, in so many words, to pay for them out of the county treasury. These matters are not discretionary with the county authorities. They are either bound to pay for them, or they are not at liberty to do so, without a violation of their trusts. We think they are bound to provide them, and the judgment must be affirmed.