# THE COUNTY OF JEFFERSON, Plaintiff in Error,

*vs.*

# WALTER H. BESLEY, Defendant in Error.

**ERROR TO JEFFERSON CIRCUIT COURT.**

The Revised Statutes requires that the several county offices shall be kept open and in a suitable condition for the transaction of business, during business hours, at the expense of the county.

The necessary lights and fuel for the keeping the several county offices in a suitable condition for the transaction of business, are a proper county charge.

An appeal lies to the Circuit Court from the decision of the county board of supervisors, rejecting a claim in whole or in part, and upon the judgment of the Circuit Court thereon, a writ of error lies to the Supreme Court.

AT the annual session of the board of supervisors of Jefferson county, state of Wisconsin, held in November, A. D. 1853, the following account was presented to said board by Walter H. Besley, the defendant in error, for their allowance, to wit:

County of Jefferson, to Walter H. Besley,                    **Dr.**
1853. November 18th. For wood furnished office from
              1st January, 1853, to Janu-
              ary 1st, 1854, 9 cords, at 8s.
              per cord, and cash paid for
              sawing the same, at 4s. per
              cord,  -    -    -    -    -  $13 50
           Paid S. Simpson for 1 box 2s.
           33 lbs. candles (Starr),     -     8 50
                                          ⎯⎯⎯⎯⎯
                                          $22 00

The whole of which account the board refused to allow.

An appeal was then taken by the defendant in error to the Circuit Court for Jefferson county, by serving a written notice of such appeal upon the clerk of said board, and presenting therewith his bond duly executed.

And afterwards, on the 22d day of April, 1854, the said Walter H. Besley filed in the clerk's office of the Jefferson county Circuit Court, his said notice and bond, together with a statement made by the clerk of said board of the proceedings in the case before the said board, and their decision therein.

In that court the following stipulation was made and entered into by the parties on the 28th day of September, 1855, to wit:

" The parties hereby agree, that for the purposes of this trial, the charges in plaintiff's bill mentioned, shall be taken to be correct, and that the things charged were furnished by plaintiff for his office, as clerk of Jefferson Circuit Court, and used to warm and light said clerk's office; and that the court shall find for the plaintiff, if the county is by law liable to pay for wood and lights for the office of clerk of court."

No other pleadings were made in the case. The cause was then submitted to the court, and on the following day the court, having considered the matter, did find for the plaintiff, and that he was entitled to receive of the county of Jefferson the amount of said plaintiff's bill and interest, to wit: the sum of $24.78 damages; and on motion of the attorneys of said plaintiff, the court rendered a judgment against said county of Jefferson for the said $24.78 damages, together with costs of suit, amounting to $17.22.

The plaintiff in error now comes and assigns the following errors, to wit :

1st. The court below erred in determining that the said county of Jefferson was liable by law to pay the charges contained in said Walter H. Besley's account.

2d. The court erred in finding for the plaintiff, and rendering judgment against the county of Jefferson.

*L. B. Caswell*, for plaintiff in error.

*J. E. Holmes*, for defendant in error.

*By the Court*, SMITH J.   At the annual session of the board of

supervisors of Jefferson county, the defendant in error presented his account to the said board for fuel and lights furnished and used for the purpose of warming and lighting the office of the clerk of the Circuit Court (the defendant in error being such clerk), amounting to some twenty-two dollars, which account the board wholly rejected, and an appeal was taken to the Circuit Court, where judgment was rendered against the county for the amount; to reverse which this writ of error is brought.

Chapter 10, § 16, of the Revised Statutes provides, that each county organized for judicial purposes shall, at its own expense, provide a suitable court-house, and a suitable and sufficient jail, and fire-proof offices, and other necessary county. buildings, and keep the same in good repair.

Section 137 of the same chapter requires the clerk of the Circuit Court to keep his office open during business hours, Sundays excepted, and all books and papers required to be kept in his office shall be open for the examination of any person. These provisions apply also to other county officers.

From these provisions the intention of the legislature is quite obvious. It was that suitable offices should be provided by the county for the various· county officers and that they should be kept in a proper condition to accommodate the wants of the citizens who might desire to transact business therein. To require these officers to keep their offices open during business hours, for the convenience of the citizens having business to transact in them, and yet provide no means of warming or lighting them, would be simply absurd. The clerk is not required to keep a tavern, nor is there any provision of law requiring him to keep his office warm, yet it is clearly the object and intention of the statute that these county offices shall be kept open, and in a suitable condition to answer all the reasonable wants of the public, at the expense of the county. These offices are to be provided at the expense of the county, and to be furnished with all things necessary for the accomplishment of their respective objects. They are required to be kept open, which means that they are to be in a proper, suitable and comfortable condition for the transaction of the business pertaining to each office. Fuel and

lights are as much for the convenience of the office, and the public doing business thereat, as are the necessary chairs, tables, stationery, &c. It is admitted by the parties, that this fuel and light were furnished and used for warming the clerk's office, and we have no manner of doubt that it is a legitimate charge against the county, and that the judgment of the Circuit Court is correct.

We have looked at the case of the *People vs. Supervisors of Dutchess County* (24 *Wend.* 181), but do not think it favors the views of the plaintiff in error. That case had no reference to fuel and lights for the office, but solely to the personal labor of the clerk in making indices to certain records, and has no bearing upon the case under consideration. It is an unpleasant duty to review the action of the board of supervisors in relation to the auditing of accounts. They do not often come before us, but when they do we must apply the law as in all other cases.

We are all clearly of the opinion, that the account presented in this case, admitted by the stipulation of facts to be just and correct, and the materials thereof applied to the warming and lighting of the office of the clerk of the Circuit Court, were a proper and legal county charge, and that the board of supervisors erred in rejecting it.

The judgment of the Circuit Court must therefore be affirmed.

Judgment of the court below affirmed, with costs, &c.