[No. 759.]

# FRANK OWEN, Appellant, *v.* NYE COUNTY, Respondent.

COUNTY OFFICERS—RENT OF OFFICE—PLEADINGS.—Where a county does not own or control a suitable office for the county officers: *Held*, that the officers have no right to select one for themselves and compel the county to pay rent therefor; that a complaint, in a suit for such rent, which fails to aver that the county commissioners have failed and refused to provide suitable offices for the respective officers, is defective.

IDEM—MANDAMUS—QUERY.—If it is a duty enjoined by law upon the county commissioners to furnish county officers with an office, *Query*—Whether mandamus to compel them to perform their duty is not the proper and only remedy?

DUTY OF COUNTY COMMISSIONERS TO FURNISH SOME OFFICES.—It is the duty of the commissioners to provide an office, at the expense of the county, for some of the county officers; but this duty rests, to a great extent, in the discretion of the commissioners.

PUBLIC EXPENDITURES, HOW PAID.—Whenever a deficiency of public accommodation, on the part of public officers, induces an expenditure, it must be at the public expense; but this rule is only applied where the interests of the public, as distinguished from the interests of the officers, are concerned.

OFFICERS, WHEN ENTITLED TO RENT OF OFFICE.—To hold the county liable for the rent of an office, the officer must be one who is by law made the custodian of the public records, to which the public are at all reasonable times entitled to access; or one that is by law required to keep his office open for the accommodation of the public, and for the transaction of public business.

IDEM.—The officer must also show that he demanded of the commissioners a suitable office, and that they had failed and refused to furnish it.

IDEM.—The kind and character of an office suitable for the discharge of the public duties of an officer, must necessarily be left very much to the sound discretion of the county commissioners.

APPEAL from the District Court of the Fifth Judicial District, Nye County.

The facts are stated in the opinion.

*Frank Owen,* for Appellant.

I. The demurrer in this case was sustained on the broad ground that the complaint did not state facts sufficient to constitute a cause of action, or, in other words, that the action could not be maintained. If this be true, the whole

matter before the court resolves itself into one question, to wit: Can an officer of a county, where the county of which he is an officer neither owns nor controls any buildings or rooms suitable for an office, provide himself with an office, at his own expense, and charge the county with it?

The act of 1871 (Stats. 1871, 47, Section 8), defining the powers and duties of county commissioners, provides that it shall be their duty "to cause to be erected and furnished a court-house and jail, and such other public buildings as may be necessary," etc. I claim that the county is liable under this law. (*Evans* v. *Job et al.*, 8 Nev. 322.)

From the syllabus in 18 U. S. Dig. 176, it seems that a similar case arose in Pennsylvania, and that it was there held that the county was liable, although there was no law compelling the county to do so, it being shown. that it was customary for the county to pay for the rent of the office. (29 Penn. St. 417.)

II. When a person is duly elected to a county office, and afterwards qualifies, he thereby enters into and accepts a contract between himself and the county, the conditions of which, on his part, are that he will faithfully perform all the duties appertaining to the office to which he has been elected; and on the part of the county, that it will furnish him with a suitable office and such other compensation as he may be entitled to under the law.

*H. T. Creswell and George R. Williams,* for Respondent.

I. The district court did not err in sustaining the demurrer, for the amended complaint is defective and fails to state a cause of action. Under the law of 1871 (Stat. 1871, 48) it is undoubtedly the duty of the commissioners to furnish a court-house and jail. They have no discretion in regard to furnishing these buildings. The law has decided such buildings to be necessary public buildings, but in regard to other public buildings the law allows the commissioners to exercise their discretion, and makes them the judges of the necessity of such buildings.

II. Admit, for the purposes of argument, that it was the

imperative duty of the commissioners to furnish plaintiff with an office, then does it necessarily follow that because the commissioners neglected their duty that he can perform it for them? Suppose the commissioners should neglect to repair the court-house when it needed repairing, would plaintiff have the right to repair it for them, and then make the county pay him for such repairs? The law has made the commissioners the agents of the county for certain purposes, and has imposed upon them certain duties; and we claim that in case they fail to perform their duty, no one can perform it for them and make the county responsible therefor.

III. We cannot concur with the plaintiff in the proposition that whenever a county officer is elected, the county obligates itself to furnish him with an office in addition to the compensation allowed him by law. If the law provides that he shall be furnished with an office, then, of course, the county obligates itself to furnish it, and not otherwise.

IV. The amended complaint is defective in not alleging a demand on the commissioners to furnish said offices.

V. The amended complaint is defective in not showing what the rent of these offices was reasonably worth, and in not stating that public buildings were necessary, etc. The complaint should have set forth the facts from which the conclusion could be drawn, that the rent of these offices was reasonably worth the amount claimed.

By the Court, HAWLEY, C. J.:

This suit was brought by plaintiff to recover from defendant the amount of money paid by the district attorney, county treasurer and county assessor, for the rent of their respective offices. The amended complaint contains three counts. The first, after stating that plaintiff was the district attorney of defendant from the 6th day of January, A. D. 1873, up to January 4, 1875, avers "that during the whole of the time for which plaintiff was elected and served as such district attorney, * * * he furnished and paid for the rent of an office at the county-seat of said county,

which he used as the office of the district attorney of said county." It then alleges that the bills for said rent had been regularly presented to the county commissioners and county auditor, and had been by them rejected; "that all of the above-mentioned and described bills are reasonable and just, and no part of the same have been paid or allowed." The allegations in each of the other counts are the same, except as to the officer, amount of rent paid, and the additional averment that the bills therefor had been assigned to plaintiff. The complaint closes with an averment, "that during the whole of the years A. D. 1873 and 1874, Nye County did not own or control any rooms or buildings suitable for the offices respectively of district attorney, treasurer and assessor.

To this complaint the defendant interposed a demurrer, upon the grounds, "that said amended complaint fails to state facts sufficient to constitute a cause of action," etc. This demurrer was sustained, and plaintiff having failed to amend within the time allowed by the court, judgment was rendered against him for the costs.

The amendatory act approved January 11, 1871, defining the duties and powers of the board of county commissioners, declares that they "shall have power and jurisdiction in their respective counties,   *   *   *   to cause to be erected and furnished a court-house and jail and such other public buildings as may be necessary." (Stat. 1871, 47.)

Appellant claims that by virtue of this provision it is made the duty of the commissioners to furnish suitable rooms or buildings for the use of the county officers named in the complaint. On the other hand, it is argued by respondent that it is only made the imperative duty of the commissioners to erect and furnish a court-house and jail; that as to other public buildings, the law allows them to exercise their discretion and leaves them the judges of the necessity for their erection.

Conceding, for the sake of the argument, that appellant's position is correct, it does not necessarily follow that a county officer has the right, where the county does not own

or control a suitable office, to select one for himself and compel the county to pay reasonable rent therefor. We are of the opinion that the complaint is defective. There is no direct averment that the commissioners had failed and refused to provide suitable offices for the respective officers. We think that this fact should have been positively alleged, and not left as it is to inference or presumption.

In *Ex parte Black*, an application was made for a mandamus to compel the county commissioners to build a particular court-house and jail; the statute required them to provide certain officers with suitable offices, and the court, in discussing the various questions presented by the application (Thurman, J., delivering the opinion), said: "We are not asked to grant a mandamus requiring the commissioners to provide suitable rooms for the courts and county officers. * * * But were we so asked, no sufficient ground is laid for the application. There is no statement in the relator's affidavit or proofs that rooms for the courts and county officers are not provided. The only allegations that touch this point, even remotely, are contained in 'the affidavit, which states that the court-house has been burned, and that there is not at this time any sufficient, safe depository for the public books and papers of the county, or for the keeping of the records of the courts. This may all be true, and yet no default on the part of the commissioners exist. It is not averred that they refuse or neglect to provide court-rooms, a jail, and public offices." (1 Ohio State, 35.) That case is analogous to this. Here the only allegation in the complaint that even by inference has any bearing upon this point, is the one alleging that defendant did not own or control any suitable rooms or buildings. This may be true and yet the commissioners may have offered to provide them; and if the law is to be construed as claimed by appellant, then it was their duty so to do, and in the absence of any positive allegation to the contrary, the courts would be bound to presume that they had discharged their duty in this respect.

But if we pursue this question further the necessity of

such an allegation becomes more apparent. If it was the duty of the commissioners to provide each county officer with an office, it does not follow that the officer was bound to accept it; he may rent another which he deems more suitable, and if he does, it could not, with any show of reason, be contended that he could recover from the county the amount paid by him for the rent of such an office without, at least, alleging and proving that the room or building offered by the commissioners was not at all suitable for the discharge of the public duties which the law compelled him to perform.

It will be observed that the whole case is made to rest, under the pleadings, upon the broad proposition, asserted and relied upon by appellant, that an officer of a county which neither owns nor controls any room or building suitable for an office can himself procure one and compel the county to pay the rent for it, and our opinion is that this is not the law. It is even questionable whether if appellant's construction of the law is correct he has sought the proper remedy, for if it is a duty specially enjoined by law upon the commissioners to furnish the offices, then the question arises whether mandamus to compel them to perform their duty was not the proper and only remedy.

In New York, it has been frequently decided that where the duty relied upon is a duty, not of the county, but the board of supervisors, no action will lie against the county. (*Bright* v. *Supervisors of Chenango County*, 18 Johns. 243; *Boyce* v. *Supervisors of Cayuga County*, 20 Barb. 295; *Chase* v. *County of Saratoga*, 33 Barb. 603; *Hall* v. *Supervisors of New York*, 32 N. Y. 473; see also *Humboldt County* v. *Commissioners of Churchill County*, 6 Nev. 32.) But is appellant's construction of the law correct? We think not. The law does make it the duty of the commissioners to provide a court-house and jail, and it is also their duty to provide such other public buildings as may be necessary. But what other public buildings are necessary? This question is more or less dependent for its solution upon the particular facts and circumstances connected with the condition and

surroundings of each county. In some counties the court-house might be, and we believe it often is, so constructed as to furnish all the county officers with a suitable office, and in such counties there would not be, so far as the public offices are concerned, any necessity for the erection of other buildings; but in other counties the court-house might be so arranged as to furnish only a portion of the county officers with suitable offices, and then the question would be presented whether it was necessary to provide other public buildings for the use of the other county officers. In the county of Churchill one room might be all that was necessary for all the county officers in order to accommodate the public interests and provide for the safe keeping of the public records; but in Storey County it would be necessary to have different apartments provided for that purpose. In some counties it might be necessary to erect a building to be used as a county hospital, while in other counties the erection of such a building would be a useless and foolish expenditure of the public funds. The truth is, that the county commissioners are the public agents of the county, and in the performance of their duty under the provisions of the act we have before quoted, are necessarily invested with a wide latitude of discretion, in the exercise of which it is to be presumed they will be governed by the necessities of the public interests, and with due regard to the financial condition of their respective counties. We do not think there ought to be any diversity of opinion upon this question.

In many of the States there are express statutes which make it the duty of the commissioners to furnish certain county officers with an office; but these statutes do not as a general rule mention only a portion of the county officers, usually the clerk, recorder, sheriff and treasurer. In this State the statute provides that offices shall be furnished by and at the expense of the State, for certain of the State officers (2 Comp. L. 2915), and that "offices shall be provided and furnished by and at the expense of the several counties in this State, for the several district judges therein."

(2 Comp. L. 2916.) But there is no provision that any county officer shall be furnished with an office at the expense of the county. We have no doubt but what it is the duty of the commissioners, even in the absence of any law upon the subject, to provide an office at the expense of the county for some of the county officers. But we are of opinion that this duty is one which rests to a great extent in the discretion of the commissioners, and facts would have to be presented showing an abuse of this discretion before the county should be held liable. In *McCalmont* v. *The County of Allegheny,* cited and relied upon by appellant, the action was brought by the prothonotary of the Supreme Court for the western district to recover the amount paid by him for the rent of his office and for a seal, dockets, stationery, etc., furnished the court. The court held that the county was liable, but based its decision upon a statute which required the prothonotary to keep the seal and records "at the place of holding the court, and in the apartments provided by authority of law for that purpose," and said that "this provision excludes the idea that he is bound to provide a place for the safe keeping of the seal and records at his own expense" (29 Penn. State, 419), and adopted the rule held in prior cases, that "where no other provision is made for the expenses of the judiciary, the county in which the court sits is primarily liable." These cases were decided against the counties upon the principle that the speedy dispatch of the business of the courts is a matter in which the public have a deep interest, and the county commissioners should procure all reasonable facilities for that purpose, and whenever a deficiency of public accommodation, on the part of public officers, induces an expenditure it must be at the public charge. This rule has been often applied by the courts. (*County of Jefferson* v. *Besley,* 5 Wis. 136; *Board of Supervisors of Dekalb County* v. *Beveridge,* 16 Ill. 312; *County of Knox* v. *Arms,* 22 Ill. 179; *McClaughry* v. *Hancock County,* 46 Ill. 357.) But it is only applied where the interests of the public, as distinguished from the interests of the officers, are concerned.

We are of opinion that the officer who seeks to hold his county liable for the rent of his office, must be one who is by law made the custodian of the public records, to which the public are at all reasonable times entitled to access, or one that is by law required to keep his office open for the accommodation of the public and for the transaction of public business, whether he has business there of his own or that for which he is entitled to pay or not; and he must also show that he demanded of the commissioners a suitable office for such purpose and that they had failed and refused to furnish it.   We are also of the opinion that the kind and character of an office suitable for that purpose would necessarily have to be left very much to the sound discretion of the county commissioners; because, as we have already stated, a room or building that would furnish ample accommodations for the public in one county, would be entirely unsuitable and insufficient in another.

There is nothing said in *Evans* v. *Job* (8 Nev. 332) at all in conflict with the views herein expressed.

The judgment of the district court is affirmed.