J. E. HILL v. THE CITY OF CLARINDA, Appellant.

**Municipal Corporations:** OFFICE ROOM FOR MAYOR. Where a city fails to provide an office for the mayor at some convenient place, as required by Code, section 518, he may furnish one himself, and collect from the city the actual, reasonable expense thereof.

SAME. A city which fails to provide the mayor with an office as required by Code, section 518, is only chargeable with its fair share of the rent, fuel, and lights of an office used by the mayor as such, in common with a law firm of which he is a member, although he released his partner from all liability for the rent in consideration of the latter's submitting to the inconvenience incident to having the mayor's office therein.

TRIAL TO COURT: *Evidence.* The action being tried to the court, it was not error to apportion the expense of the office between

said firm and the city without proof of the relative value of the use by each.

FINDINGS IN. In a law action tried to the court, the findings and judgment have the force and effect of a verdict by a jury.

*Appeal from Page District Court.—*HON. WALTER I. SMITH, Judge.

THURSDAY, OCTOBER 21, 1897.

ACTION by J. E. Hill against the city of Clarinda to recover for rent, etc., of an office used by plaintiff as mayor. From a judgment for plaintiff, defendant appeals.—*Affirmed.*

*Parslow & Scott* for appellant.

*F. E. Clark* for appellee.

KINNE, C. J. — This was a law action. A jury was waived, and a trial had to the court. The court below filed a written opinion, a portion of which we here set out: "It appears that the plaintiff was mayor of the defendant city from the spring of 1891 to the spring of 1895. He brings this action to recover for office rent, fuel, and lights during said period, which he alleges cost him, and were reasonably worth, five hundred and thirty dollars. The defendant claims to have furnished a proper office for plaintiff as mayor, and that the office rent which he seeks to recover is rent for his own law office, which he used instead of the one furnished him by the city, simply as a matter of choice, and that it was not the intention of either plaintiff or defendant that he should be paid rent for said office. It also sets up that plaintiff never made any demand on the defendant that it furnish him an office. It is provided by section 518 of the Code of 1873: "He (the mayor) shall keep an office at some convenient place in the city, to be provided by

the council.' It appears from the evidence that a number of years ago the defendant constructed a two-story building a short distance from the public square, the lower story of which is used as a fire-engine house, and the upper story of which has been used as a council chamber, and for a dance hall and the like. This room or hall is the office which the defendant claims to have furnished plaintiff. The evidence shows it was sometimes used by the mayor as a place in which to try cases which collected a large crowd of spectators. The evidence fails to show that it was ever assigned for use by the mayor as his office by the council of the defendant, and the evidence does not show that it was ever known as a mayor's office. It is a large hall, wholly unsuited for office purposes. I have made a personal examination of the room in question, under an agreement made by the parties in the trial; and, while its situation is not particularly inconvenient, I find it is not reasonably adapted for use as a mayor's office, and has never been known or designated as such. I therefore find that defendant's council wholly failed to provide plaintiff an office at a convenient place in the city, as required by law. It appears from the evidence that when the plaintiff became mayor he was engaged in the practice of law at Clarinda, in partnership with Mr. T. E. Clark, and that, wishing to use the same room for a mayor's office and for the firm law business, he informed Mr. Clark, in substance, that, if he would submit to the inconvenience incident to having the mayor's office in their office, he would release Mr. Clark from all liability for his share of the rent; and he now wishes to collect of defendant the entire rent of the room, with cost of heating and lighting it. I am of the opinion that, the defendant having failed to furnish a proper office for plaintiff, he had the right to furnish one, and collect the actual, reasonable expense of the city. 19 Am. & Eng. Enc. Law, pp. 540-543. I am also of the opinion, however,

that plaintiff could not use the office in question 'both as mayor's office and as a law office for the firm of Clark & Hill, and charge the city with more than its fair share of the rent, fuel and lights." The court found that the plaintiff was entitled to a judgment for two hundred and fifty dollars, with interest and costs, which was entered in his favor. Appellants complain of certain rulings upon the rejection of evidence. In every case the ruling was proper.

Complaint is made because the court allowed a part of the claim, in the absence of evidence showing the relative value of the use by the city and of that by Clark & Hill. There was no error in the action of the court. He had the evidence before him, showing the total rent, and amount for fuel and lights paid. It also showed what use was made of the office by the firm, and by the plaintiff as mayor; and, in view of all of the evidence, the allowance of the court was fair and reasonable. In a law action tried to the court, the findings and judgment have the force and effect of a verdict of a jury. The evidence is ample to support the judgment, and it is AFFIRMED.