SCOTT, Respondent, v. MINNEHAHA COUNTY, Appellant.

(152 N. W. 699.)

(File No. 3765.   Opinion filed May 24, 1915.)

**1.   Counties—County Supplies—Powers of County Commissioners—Purchase of Court Calendars—Statute.**

Pol. Code, Sec. 849, authorizing county commissioners to advertise for bids for all fuel, stationery, and "all other articles" for use of the county, when the amount thereof exceeds $100, includes circuit court calendars.

**2.   Same—County Supplies, Furnishing of—Necessity for Contract by County Commissioners—Statute.**

Pol. Code, Sec. 849, authorizing county commissioners to advertise for bids for, among other things, "all other articles" for use of the county, when the amount exceeds $100, and Sec. 861, providing that no bill for printing stationery for a county officer shall be allowed or paid unless the order is approved by the county auditor under direction of the county board, **held**, to require that such supplies, including circuit court calendars, when the amount exceeds $100, shall be furnished pursuant to a contract entered into by the board of county commissioners before such supplies are furnished.

**3.   Same—County Supplies—Circuit Court Calendars—County's Liability Under Court Order, Regardless of Contract—Inherent Power of Court.**

While the duty of furnishing necessary supplies for a county, including circuit court calendars, is imposed upon county commissioners under Secs. 849, 861, Pol. Code, yet, where they fail to take any steps to furnish such calendars for use of the circuit court, it became the duty of the circuit court, in exercise of its inherent power, to provide the calendars as one of the necessary facilities for carrying on of public business, and the county is liable, in an action for recovery of the value of the calendars, and cannot escape liability merely because the commissioners failed to perform their duty.

Appeal from Circuit Court, Minnehaha County.    Hon. JOSEPH W. JONES, Judge.

Action by Mark D. Scott against Minnehaha County, to recover for printing and furnishing court calendars.    From a judgment for the plaintiff, defendant appeals.    Affirmed.

*Chas. V. Caldwell,* State's Attorney, (*Martin Bergh* of Counsel), for Appellant.

*Grigsby & Grigsby,* for Respondent.

(1) Under point one of the opinion, Respondent cited:   Pol. Code, Sec. 849; Dewell v. Board of County Commissioners, 8

S. D. 454; People v. Board of Supervisors of New York, 21 Howard's Practice, 325.

(3) Under point three of the opinion, Appellant cited: Richardson v. Grant County, 27 Fed. 495; Wolcott v. Lawrence County, 26 Mo. 272; New Jersey Car Spring & Rubber Co. v. Jersey City, 64 N. J. L. 544, 46 Atl. 649; Jersey City Supply Co. v. Jersey City, 71 N. J. L. 631; Floyd Co. v. Allen, 137 Ky. 575, 126 S. W. 124, 27 L. R. A. (N. S.) 1125; Zottman v. San Francisco, 20 Cal. 96; Detroit v. Robinson, 38 Mich. 108; Springfield Milling Co. v. Lane County, 5 Oregon, 265; Brady v. New York, 16 How. Pr. (N. Y.) 432, 20 N. Y. 312; New Jersey Car Spring & Rubber Co. v. New Jersey, 64 N. J. L. 544; Worell Mfg. Co. v. City of Ashland, 167 S. W. 922 (Ky. App.); Alton v. Mulledy, 21 Ill. 76, and cases in note 27 L. R. A. (N. S.) 1125; Wilson v. City of Mitchell, 17 S. D. 515, 520.

Respondent cited: Pol. Code, Secs. 949, 982; People ex rel. Hasbrouck v. Board of Supervisors of New York, 21 Howard's Practice, 322, 323; State v. Cunningham, 101 Pac. 962; Stevenson v. Milwaukee County, 140 Wis. 14, 121 N. W. 654; White v. Hughes County, 9 S. D. 14; Mayhew v. Hamilton County, 1 Disn. (Ohio) 186, 12 Ohio decisions, (Reprint) 565; Nicholl v. Koster, 157 Cal. 416, 108 Pac. 302; Rogers v. Brown, 136 Fed. 813; Board of Commissioners of Vigo County v. Stout, (Ind.) 22 L. -.. A. 398 and note; Underwood v. Lawrence County, 6 S. D. 5; 11 Cyc. 723.

POLLEY, J. This action is brought to recover from the county a sum in excess of $100 for printing and furnishing of court calendars, for the January, 1914, term of the circuit court of Minnehaha county. The facts were stipulated by the parties, and, from the stipulation, which is made a part of the record, it appears that the calendars were ordered by the clerk of courts, pursuant to the direction of the circuit judge. The calendars were made up according to direction, were delivered to the clerk of courts, and were used for the purpose for which they were intended. It was stipulated that they were necessary for the use and convenience of the court and were reasonably worth the amount claimed by plaintiff; but, when the bill for said calendars was presented to the county commissioners for allowance, they

refused to allow or pay for the same. Plaintiff had judgment for the amount claimed, and the county appeals.

It is the contention of appellant that, as no contract for furnishing the said calendars had been entered into with the board of county commissioners before the work was done, the county is not liable therefor; while, on the other hand, it is contended by respondent that there is no provision of law that requires this class of work to be done or performed under contract, but that, conceding there is such a requirement, the appellant having received and used the said calendars, it should not be allowed to escape its liability therefor merely because the order came from the clerk of courts, instead of the county commissioners.

[1] Court calendars are not mentioned in any statute relating to contracts for county supplies, but it is claimed by appellant that the general provisions relating to this subject are broad enough to include this class of work. By section 849, Political Code, it is provided that the board of county commissioners shall advertise for bids for all fuel, stationery, and *all other articles for the use of the county,* when the amount to be paid therefor during any one year exceeds the sum of $100, and that the contract therefor shall be let to the lowest reasonable bidder. This language would seem to be broad enough to include court calendars. They would come within the clause "all other articles;" and that they are for the use of the county must be admitted, or the county could not become liable for them in any event.

[2, 3] The plain intent of the law, as expressed by the language of sections 849 and 861, Political Code, is that all supplies furnished to the county, when the amount to be paid therefor during any one year shall exceed the sum of $100, shall be furnished pursuant to a contract entered into, in the manner provided by law, by the board of county commissioners before such supplies are furnished. But, while this is the law, it by no means necessarily follows, nor is it to be implied, that, because the commissioners had failed to enter into contracts for furnishing these calendars, the court must be deprived of the use of one of the necessary facilities for the transaction of its business. The duty of furnishing the necessary supplies in the

manner provided by law is imposed upon the commissioners, but in this case it appears that they had failed to take any steps whatever to furnish calendars for the use of the 1914 term of the circuit court. The provisions of section 849 require that all contracts for—

"stationery, blank books and supplies generally for all county officers shall be made at the first session of the regular meeting in April, to run for the period of one year."

This has reference to the regular April meeting of the board of county commissioners. The time had passed when the commissioners could enter into a contract for the printing of these calendars, and there does not appear to have been any other way by which they could be supplied, except in the manner that was adopted by the court. It is conceded that the calendars were necessary for the use of the court. It therefore became the duty of the court, in the exercise of its inherent power, to provide said calendars as one of the necessary facilities for carrying on the public business. In Board of Supervisors v. Beveridge, 16 Ill. 312, the court, in considering a case very similar to this, said:

"It is the duty of each county to pay the expenses of the local administration of justice within the county, and this duty arises as well from our general system of county organization, as from express statutes, defining the duties of counties on this particular subject. Indeed, but a part of these duties which have always been recognized as devolving upon the counties, have ever been defined by express statute. For instance, there is no statute expressly declaring that the counties shall provide furniture, lights, and fuel, for the use of the circuit court when in session, and yet to deny their duty to do so, would substantially suspend the administration of justice in the several counties, for there are probably few of the circuit judges who would feel willing to pay for the lights and fuel consumed during the terms of their courts, and yet there is as much propriety in requiring the judges to do this, as the clerk. The office of the clerk is a public office, connected with the administration of justice, and which the counties are by express statute required to furnish, and to which all persons in the county have a right to resort, for the purpose of examining the public records, and for the transaction of other business connected with the office, and it is the duty of

the public and not of the clerk to provide for their comfortable accommodation.   *   *   *   These matters are not discretionary with the county authorities.   *   *   *   We think they are bound to provide them, and the judgment must be affirmed."

And to the same effect is County of Knox v. Arms, 22 Ill. 175. Of course, what is said here would have no application to a case where the county commissioners had entered into contracts for the articles involved, nor could recovery be had, in the absence of a legal contract, beyond the actual, or, as in this case, the agreed, value of the articles purchased. This action is not based upon contract, but is for the recovery of the value of the articles involved, as alleged in the complaint, and the county should not be allowed to escape liability for a useful and necessary article, which had been used by the county, merely because the county commissioners had failed to perform a duty enjoined upon them by law.

The judgment appealed from is affirmed.