WARE v. CITY OF BATTLE CREEK.

1. WORDS AND PHRASES—"PERQUISITE"—COMPENSATION.
    The word "perquisite" means some emolument or profit beyond the regular salary paid.

2. MUNICIPAL CORPORATIONS—"PERQUISITE"—OFFICE RENT—ORDINANCES.
    The allowance of office rent by a city council to its city attorney, which he had to disburse, was not a "perquisite" within the meaning of an ordinance providing that he should receive a stipulated salary but should "not be entitled to any fees or perquisites of office in addition to his salary."

3. SAME—FAILURE TO LOCATE OFFICE—ACQUIESCENCE.

Where the city council failed to designate the place where the office of the city attorney should be kept, as provided by ordinance, its failure to do so or to raise any objection to the place selected by him amounted to acquiescence on its part in his selection.

Case-made from Calhoun; North, J.    Submitted January 18, 1918.    (Docket No. 129.)    Decided June 3, 1918.

Assumpsit by William E. Ware against the city of Battle Creek for an amount allowed by the common council for office rent.    Judgment for defendant. Plaintiff appeals.    Reversed, and remanded.

*William E. Ware* (*Burritt Hamilton,* of counsel), *in prb. per.*

*Joseph L. Hooper,* City Attorney (*Howard W. Cavanagh,* of counsel), for appellee.

KUHN, J.    This case was tried by the court without a jury under stipulated facts from which it appears that the plaintiff, under a lawful appointment, occupied the office of city attorney for the city of Battle Creek, defendant, from May 1, 1910, to April 7, 1911. Section 1 of the ordinance of June 15, 1903, is as follows:

"The city attorney shall receive an annual salary of $1,200.00 to be paid monthly and shall not be entitled to any fees or perquisites of office in addition to his salary, except actual expenses while engaged in the discharge of his official duties when out of the city."

Section 1 of chapter 1 of the ordinance of February 26, 1900, provides:

"Be it ordained by the common council of the city of Battle Creek that the offices of the mayor, recorder, treasurer, assessors, city attorney, street commissioner, chief of police, and other city officers shall be

kept in such places in said city of Battle Creek as the common council thereof may from time to time direct."

There was no office provided by the city for the city attorney and the common council of the city had never directed where the city attorney should keep his office. At the time of the appointment of the plaintiff as city attorney, he occupied an office for the transaction of his private business as an attorney, and continued after appointment to occupy the same office. On July 25, 1910, nearly three months after plaintiff had entered upon the discharge of his duties as city attorney, the common council of the defendant city passed the following resolution:

"By the committee on ways and means: Resolved by the common council of the city of Battle Creek, that the city attorney be allowed forty dollars per month out of the general fund for office expenses payable at the second regular meeting of the council each month until May 1, 1911. And the mayor and recorder are hereby authorized and directed to execute and deliver to him a warrant payable out of the general fund for $80.00 to cover his office expenses to July 1, 1910."

Payment of $40 per month as provided by the resolution not having been made by the city, this suit was brought by plaintiff to enforce such payment. The learned trial judge, after a careful consideration of the stipulated facts and the law applicable thereto, entered a judgment in favor of the defendant.

Counsel for both parties seem to agree that the sole question in controversy in this court is whether the common council were authorized, without repealing or amending the ordinance relative to the salary of the city attorney, to by resolution bind the city to pay him $40 per month "for office expenses." It is the contention of appellant that the sum allowed "for office expenses" is neither a fee nor a perquisite within the meaning of the language of the ordinance fixing the

salary of the city attorney.  The word "perquisite" is variously defined as:

"An allowance paid in money or things beyond the ordinary salary or fixed wages for services rendered; especially a fee allowed by law to an officer for a specific service."  (Webster.)

"Emoluments or incidental profits attaching to an office or official position, beyond the salary or regular fees."  (Black.)

"Perquisite means something gained by a place or office beyond the regular salary or fee."  (Bouvier.)

Appellant cites and relies upon 23 Am. & Eng. Enc. Law (2d Ed.), pp. 388-389, where it is stated:

"Where the law requires an officer to do what necessitates an expenditure of money for which no provision is made, he may pay therefor and have the amount allowed him.  Prohibitions against increasing the compensation of officers do not apply to such cases.  Thus it is customary to allow officers expenses of fuel, clerk hire, stationery, lights and other office accessories."

The rule as stated in 29 Cyc. pp. 1427, 1429, is as follows:

"Where the compensation is fixed by the constitution, or where there is a constitutional provision prohibiting such change during the term of an incumbent, no change of salary during such term is permissible, and, where a similar provision is contained in a statute, the powers of municipal corporations are subject to the same limitation.  *  *  *  Such limitations do not affect provision for expenses, except that use may not be made of a power to increase an allowance for expenses so as to increase the compensation received by an officer; nor do they prevent the legislature or its delegate  *  *  *  from granting clerical aid or an allowance for clerk hire."

Appellant also cites the case of *Pistorius* v. *Saginaw County Sup'rs*, 51 Mich. 125, and *Messmore* v. *Kracht*, 172 Mich. 120, as bearing upon the question.  See, also, *State* v. *Sheldon*, 78 Neb. 552; *Hill* v. *City of*

*Clarinda,* 103 Iowa, 409; *DeKalb County Sup'rs* v. *Beveridge,* 16 Ill. 312; *Andrews* v. *United States,* 2 Story (U. S.), 202.

It seems to us plain, under the authorities above set forth, that the word "perquisite" means some emolument or profit beyond the salary which was paid to the city attorney, and cannot be said to mean moneys which were allowed him for expenses, because there was no profit or emolument to him in the allowance for office rent, which he had to disburse. The city had the use of the office, and the common council, while it failed to designate the place where the office of the city attorney should be kept, still had the right to so designate, and its failure to designate or to raise any objection to the place selected by the city attorney, in our opinion amounts to an acquiescence on its part in his selection. We therefore are of the opinion that the learned trial judge was in error in holding that the rent of the office which was actually used by the city attorney in the discharge of his official duties, was a perquisite of his office, and therefore conclude that the judgment should be reversed and the case remanded to the court below with directions to enter a proper judgment in accordance with this opinion for the amount agreed upon as due to the plaintiff, with costs of both courts to be taxed to the plaintiff.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.