FERRIS *v.* AUDITOR GENERAL.

1. OFFICERS—DEFINITION OF PERQUISITE.

"Perquisite" means something gained by a place or office beyond the regular salary or fee.

2. STATUTES—REPUGNANCY TO CONSTITUTION.

To invalidate a statute the repugnancy between the statute and the Constitution must be plain, clear, substantial, palpable, strong, manifest, obvious, necessary, free from doubt, and incapable of a fair reconciliation.

3. STATES—LEGISLATORS—EXPENSES—PERQUISITES OF OFFICE.

While expenses incurred in the performance of official duties, such as traveling expenses, are allowable charges; purely personal expenses, such as room, meals, laundry, communication with home, and like expenses, are considered as perquisites of office and are forbidden legislators by constitutional provision (Const. 1908, art. 5, § 9).

4. SAME—STATUTES—CONSTITUTIONAL LAW—PERQUISITES OF OFFICE.
Statute authorizing payment for reimbursement of ''actual expenses incurred for room and meals'' of legislators while in the discharge of official duties at a session of the legislature is construed as authorizing a perquisite of office prohibited by the Constitution (Const. 1908, art. 5, § 9; Act No. 5, §§ 5, 6, Pub. Acts 1947).

5. COSTS—CONSTRUCTION OF STATUTE—EXPENSES OF LEGISLATORS.
No costs are allowed in mandamus proceeding involving construction of statute permitting allowance of expenses for rooms and meals of legislators during a session of the legislature (Act No. 5, §§ 5, 6, Pub. Acts 1947).

REID, J., dissenting.

Petition by Chester A. Ferris for a writ of mandamus to compel Murl K. Aten, Auditor General, and D. Hale Brake, State Treasurer, to honor and pay expense account. Phillip C. Kelly intervened. Submitted April 3, 1947. (Calendar No. 43,714.) Writ denied October 13, 1947.

*Philip J. Williams,* for plaintiff.

*Phillip C. Kelly, in pro. per.*

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Elbern Parsons,* Assistant Attorney General, for defendant.

SHARPE, J. Plaintiff, Chester A. Ferris, is a resident of the city of Detroit and is a duly and legally elected member of the house of representatives of the State of Michigan. He filed a petition in the Supreme Court for a writ of mandamus commanding defendants, the auditor general and the treasurer of the State of Michigan, to honor and pay his certified account of expense in accordance with the provisions of Act No. 5, Pub. Acts 1947.

Upon the filing of the mentioned petition we issued an order to show cause. Defendants filed an

answer and return to the order to show cause and assert that the act in question offends article 5, § 9, of the State Constitution and is void for that reason.

Plaintiff relies upon the following sections of the act in support of his petition:.

"SEC. 5.   Each member of the legislature and the president of the senate shall receive, at the expense of the State, 1 copy of the laws, journals, and documents of the house of which he is a member. He shall, while absent from his usual place of residence while in attendance at regular or extra sessions of the legislature and while in the discharge of his official duties in the service of the State, be reimbursed for actual expenses incurred for room and meals in the same amounts as are paid to State officers, for like expenses while absent on business of the State, not to exceed $7.50 per diem.

"SEC. 6.   The expense accounts of the members of the legislature and the president of the senate shall be paid by the auditor general on vouchers approved and submitted by the secretary of the senate and the clerk of the house of representatives, out of appropriations made for the expenses of the legislature in accordance with the accounting laws of the State."

Phillip C. Kelly, having been permitted to intervene as defendant, urges that where compensation and expenses of members of the legislature are fixed by the Constitution of the State of Michigan, such compensation or expenses may not be increased by an act of the legislature, the same being contrary to article 5, § 9, of the Michigan Constitution (1908), which provides:

"The compensation of the members of the legislature shall be three dollars per diem during the term for which they are elected, and they shall receive no further compensation than as specified in this

section for service when the legislature is convened in extra session. Members shall be entitled to ten cents per mile and no more for one round trip to each regular and special session of the legislature by the usually traveled route. Each member shall be entitled to one copy of the laws, journals and documents of the legislature of which he is a member, but shall not receive, at the expense of the State, books, newspapers or perquisites of the office not expressly authorized by this Constitution."

The attorney general, while representing the auditor general and the State treasurer, has filed a brief in which he urges that the act in question is a valid exercise of legislative power and not in violation of the Constitution; that the expression "compensation for services" in the Constitution does not prevent or inhibit the legislation which is designed to reimburse members of the legislature for necessary subsistence expenses while they are away from their homes and in the service of the State; and that the allowance in question is not a "perquisite of the office" in support of which he relies upon *Ware* v. *City of Battle Creek,* 201 Mich. 468 (L. R. A. 1918 E, 673), and *State, ex rel. Harbage,* v. *Ferguson,* 68 Ohio App. 189 (36 N. E. [2d] 500).

In the *Ware Case, supra,* the ordinance of the city of Battle Creek provided for a salary for the city attorney and, also, provided that he should not be entitled to any fees or perquisites of office in addition to his salary. At a later date the common council adopted a resolution providing for the payment of $40 per month for office expense. Plaintiff, as city attorney, brought action to enforce such payment. The trial court entered judgment against plaintiff. Upon appeal we quoted with approval the definition of "perquisite" from Bouvier's Law Dictionary: "Perquisite means something gained

by a place or office beyond the regular salary or fee.'' In holding that the allowance for rent of the office which was actually used by the city attorney in the discharge of his official duties was not a perquisite of office within the meaning of the ordinance, we said:

''The word 'perquisite' means some emolument or profit beyond the salary which was paid to the city attorney, and can not be said to mean moneys which were allowed him for expenses, because there was no profit or emolument to him in the allowance for office rent, which he had to disburse.''

In the case of *State, ex rel. Harbage*, v. *Ferguson*, *supra*, the court of appeals of Franklin county, Ohio, held that a statutory provision that each member of the legislature shall receive travel allowance of five cents a mile from and to his place of residence once a week during sessions in addition to his salary is not void as violating a constitutional provision that such members shall receive fixed compensation prescribed by law and no other allowance as such travel allowance is reimbursement for travel expenses. In the opinion it is stated that ''to invalidate a statute the repugnancy between the statute and the Constitution must be plain, clear, substantial, palpable, strong, manifest, obvious, necessary, free from doubt and incapable of a fair reconciliation.'' The court also made the following observations:

''It frequently happens that one is engaged at a fixed salary or compensation, in addition to which he has an allowance for expenses. If such an allowance goes to increasing the fixed salary, then we would be required to say that it is forbidden, as, for instance, there could be no allowance made for hotel and living expenses, and such an item would seem to fall within the intention of the drafter of

the constitutional provision, when it was provided
that there should be no other allowance in the pay-
ment of postage or 'otherwise.' ' '

The *Ware Case* is not authority for the allowance
of personal expenses, such as room, meals and other
incidentals. Nor can it be said that the *Ferguson
Case* is such authority, as the court clearly indicated
that hotel and living expenses would fall within the
prohibited constitutional provision.

By the great weight of authority there is a dis-
tinction between legislative or governmental and
personal expenses. Those expenses incurred in the
performance of official duties as in the *Ware Case*
are allowable, while purely personal expenses are
considered as perquisites of office, and being such
are forbidden by constitutional provision.

In *State, ex rel. Attorney General,* v. *Turner,* 117
Kan. 755 (233 Pac. 510), it is said:

. "All legislative expenses may be properly paid.
The expenses that may be paid are not those that
are incurred by a member of the legislature because
he is at the capital city; they are those that are
incurred by him in the performance of his duties.
They are legislative expenses, not personal ex-
penses. The distinction between expenses that are
legislative and those that are personal is that leg-
islative expenses are those that are necessary to
enable the legislature to properly perform its func-
tions, while those that are personal are those that
must be incurred by a member of the legislature in
order to be present at the place of meeting—ex-
penses for his personal comfort and convenience
which have nothing to do with the performance of
his duty as a member of the legislature. Personal
expenses are those incurred for rooms, meals, laun-
dry, communications with their homes, and other
things of like character."

Other jurisdictions in harmony with the above statement are recorded in the following decisions: *Dixon* v. *Shaw,* 122 Okla. 211 (253 Pac. 500, 50 A. L. R. 1232); *Gallarno* v. *Long,* 214 Iowa, 805 (243 N. W. 719); *State, ex rel. Banker,* v. *Clausen,* 142 Wash. 450 (253 Pac. 805); *Ashton* v. *Ferguson,* 164 Ark. 254 (261 S. W. 624); *Jones* v. *Hoss,* 132 Ore. 175 (285 Pac. 205); *Peay* v. *Graham,* 162 Tenn. 153 (35 S. W. [2d] 568).

The act in question provides that a member of the legislature while in the discharge of his official duties at a session of the legislature shall be reimbursed for actual expenses incurred for room and meals, not to exceed $7.50 per diem. Such an allowance for board and room, if permitted by the act here under consideration, would thereby become a perquisite of the office and as such is prohibited by the Constitution. It, therefore, follows that the act in question in unconstitutional for the reasons above stated.

The petition for a writ of mandamus is denied, but without costs as the construction of a public act is involved.

CARR, C. J., and BUTZEL, BUSHNELL, BOYLES, NORTH, and DETHMERS, JJ., concurred with SHARPE, J.

REID, J. (*dissenting*). I do not concur in the opinion of my Brother Mr. Justice SHARPE herein.

Defendants rely on two propositions of law to sustain their contention that the act in question, Act No. 5, Pub. Acts 1947, is void under the State Constitution (article 5, § 9, Mich. Const. 1908, as amended in 1928). First, that the rule *expressio unius est exclusio alterius* should govern the interpretation of the article of the State Constitution in

question, and that since the Constitution makes express provision for the specific item of travel to and from the session of the legislature and no express provision for any other item of personal expense, all other personal expenses are excluded. Defendants' contention in that regard cannot be sustained. We have heretofore disposed of that question.

"The absolute, uncontrolled sovereign power of legislation, except as limited by the Constitution of the United States and of this State, rests in the legislature." *Attorney General* v. *Marr,* 55 Mich. 445, 450.

We quote from the syllabus (11) in *Huron-Clinton Metropolitan Authority* v. *Boards of Supervisors of Five Counties,* 300 Mich. 1, 3:

"The maxims of the law, *expressio unius est exclusio alterius* and *expressum facit cessare tacitum,* cannot be applied to the construction of provisions of State Constitutions enumerating powers of the legislature."

We now consider the second proposition of law advanced by defendants, that the word "perquisite" is to be construed to include reimbursement for actual living expenses and hence reimbursement for such expenses is forbidden by the provision of the Constitution in question.

" 'Perquisite' means something gained by a place or office beyond the regular salary or fee. *Wren* v. *Luzerne County,* 9 Pa. Co. Ct. R. 22, 24, 6 Kulp, 37, 39." 32 Words and Phrases, 183.

Webster's New International Dictionary (2d Ed.), defines "perquisite" as follows:

"A gain or profit incidentally made from employment in addition to regular salary or wages, esp.

one of a kind expected or promised; also, pay for work; income.''

Mere reimbursement of actual expenses is neither gain nor profit; it is not pay for work, nor income.

In *Ware* v. *City of Battle Creek*, 201 Mich. 468 (L. R. A. 1918 E, 673), we construed an ordinance of the city of Battle Creek which provided:

''The city attorney shall receive an annual salary of $1,200, to be paid monthly and shall not be entitled to any fees or perquisites of office in addition to his salary, except actual expenses while engaged in the discharge of his official duties when out of the city.''

In the *Ware Case,* the common council of the defendant city had authorized the payment of $40 per month to the city attorney for rent of office for his use as city attorney, which payment we upheld, considering that such payment was not a perquisite. In that case we said, p. 472,

''The word 'perquisite' means some emolument or profit beyond the salary which was paid to the city attorney, and can not be said to mean moneys which were allowed him for expenses, because there was no profit or emolument to him in the allowance for office rent, which he had to disburse.''

See *Taxpayers' League of Carbon County* v. *McPherson,* 49 Wyo. 251 (54 Pac. [2d] 897, 106 A. L. R. 767), in which the supreme court of Wyoming construed of art. 3, § 32 of the Wyoming constitution, which provides, so far as material to that case, ''No law shall extend the term of any public officer or increase or diminish his salary or emolument after his election or appointment.'' The court in that case (p. 273), determined that statutory compensation for expenses necessarily incurred in performing the duties of an office is neither salary

nor an emolument within the meaning of the quoted section of the Constitution of Wyoming and in reaching its conclusion the court quoted with approval from the *Ware Case, supra.*

See, also, *State, ex rel. Payne,* v. *Reeves,* 44 S. D. 568 (184 N. W. 993), and *Christopherson* v. *Reeves,* 44 S. D. 634 (184 N. W. 1015). In the *Christopherson Case,* a section of the State Constitution of South Dakota was involved, the important parts of which section are as follows, p. 642:

"The members of the legislature    *    *    *    shall receive for their services the sum of five dollars for each day's attendance during the session of the legislature, and five cents for every mile of necessary travel in going to and returning from the place of meeting of the legislature on the most usual route.    *    *    *    Members of the legislature shall receive no other pay or perquisites except per diem and mileage."

In the *Christopherson Case,* in upholding a statute of the State of South Dakota which provided for the payment of $200 to each member of the senate and house of representatives of South Dakota to cover the expenses of such members incident to their being away from home in the discharge of their duties, et cetera, the court said, p. 644,

"Under the familiar principle that the constitution is a limitation and not a grant, it follows that the legislature, not being forbidden by the constitution possess inherently the power to provide expense money, and the provisions of law recited in the petitioner's bill are not in conflict with this section of the constitution."

The Constitution of the State of Michigan requires attendance of the members of the legislature at its sessions. They must not take up their per-

manent residence at Lansing. If they are reimbursed for only the actual moneys paid by them for necessary meals and room while attending sessions of the legislature, with the cost of such living expenses rated at ordinary. standards of living, they receive no perquisite, since they make no profit; they are simply repaid for expenses made necessary by the requirements of the Constitution. Neither can it be said that repayment of necessary and required actual expenses is compensation within the meaning of article 5, § 9, of the State Constitution in question. See *State, ex rel. Weldon,* v. *Thomason,* 142 Tenn. 527 (221 S. W. 491).

So far as concerns all questions urged against the act in question in this proceeding, Act No. 5, Pub. Acts 1947, we consider that that act was well within the power of the legislature to enact under the Constitution of this State. The writ prayed for should issue if found necessary. No costs are awarded, a matter of public interest being involved.